COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.
                                              SUPREME JUDICIAL COURT
                                              FOR SUFFOLK COUNTY
                                              NO:  BD-2004-065

IN RE: EDWARD D. FRIEDMAN

### ORDER OF IMMEDIATE ADMINISTRATIVE SUSPENSION

This matter came before the Court, Marshall, C.J., on a Petition for Administrative Suspension and affidavit filed by Bar Counsel pursuant to Supreme Judicial Court Rule 4:01, s. 3(2). Upon consideration thereof, it is ORDERED that:

1. EDWARD D. FRIEDMAN is administratively suspended from the practice of law in the Commonwealth effective immediately upon the entry of this Order, and, in accordance with Supreme Judicial Court Rule 4:01, s. 17(4), the Board of Bar Overseers shall promptly transmit a copy of this Order of Administrative Suspension to the clerk of each court in the Commonwealth, state and federal, in which it has reason to believe the lawyer has been engaged in practice.

If EDWARD D. FRIEDMAN is not reinstated within thirty days of the date of entry of this Order, it is hereby FURTHER ORDERED that:

2. The lawyer shall forthwith at the expiration of the thirty days:

    a) file a notice of withdrawal as of the effective date of the administrative suspension with every court,

2

agency, or tribunal before which a matter is pending, together with a copy of the notices sent pursuant to paragraphs 2(c) and 2(d) of this Order, the client's or clients' place of residence, and the case caption and docket number of the client's or clients' proceedings;

b) resign as of the effective date of the administrative suspension all appointments as guardian, executor, administrator, trustee, attorney-in-fact, or other fiduciary, attaching to the resignation a copy of the notices sent to the wards, heirs, or beneficiaries pursuant to paragraphs 2(c) and 2(d) of this Order, the place of residence of the wards, heirs, or beneficiaries, and the case caption and docket number of the proceedings, if any;

c) provide notice to all clients and to all wards, heirs, and beneficiaries that the lawyer has been administratively suspended; that he is disqualified from acting as a lawyer after the effective date of the administrative suspension; and that, if not represented by co-counsel, the client, ward, heir, or beneficiary should act promptly to substitute another lawyer or fiduciary or to seek legal advice elsewhere, calling attention to any urgency arising from the circumstances of the case;

d) provide notice to counsel for all parties (or, in the absence of counsel, the parties) in pending matters that the lawyer has been administratively suspended and, as a consequence, is disqualified from acting as a lawyer after

3

the effective date of the administrative suspension;

e) make available to all clients being represented in pending matters any papers or other property to which they are entitled, calling attention to any urgency for obtaining the papers or other property;

f) refund any part of any fees paid in advance that have not been earned; and

g) close every IOLTA, client, trust, or other fiduciary account and properly disburse or otherwise transfer all client and fiduciary funds in his possession, custody or control.

All notices required by this paragraph shall be served by certified mail, return receipt requested, in a form approved by the Board.

3. The lawyer shall file with the Office of the Bar Counsel an affidavit certifying that the lawyer has fully complied with the provisions of this Order and with bar disciplinary rules. Appended to the affidavit of compliance shall be:

a) a copy of each form of notice, the names and addresses of the clients, wards, heirs, beneficiaries, attorneys, courts, and agencies to which notices were sent, and all return receipts or returned mail received up to the date of the affidavit. Supplemental affidavits shall be filed covering subsequent return receipts and returned mail. Such names and addresses of clients shall remain

4

confidential unless otherwise requested in writing by the lawyer or ordered by the court;

b) a schedule showing the location, title and account number of every bank account designated as an IOLTA, client, trust or other fiduciary account and of every account in which the lawyer holds or held as of the entry date of this Order any client, trust, or other fiduciary funds;

c) a schedule describing the lawyer's disposition of all client and fiduciary funds in the lawyer's possession, custody, or control as of the entry date of this Order or thereafter;

d) such proof of the proper distribution of such funds and the closing of such accounts as has been requested by the bar counsel, including copies of checks and other instruments;

e) a list of all other state, federal, and administrative jurisdictions to which the lawyer is admitted practice; and

f) the residence or other street address where communications to the lawyer may thereafter be directed.

The lawyer shall retain copies of all notices sent and shall maintain complete records of the steps taken to comply with the notice requirements of S.J.C. Rule 4:01, Section 17.

4. The lawyer shall file with the Clerk of the Supreme Judicial Court for Suffolk County:

a) a copy of the affidavit of compliance required by

5

paragraph 3 of this Order;

b) a list of all other state, federal, and administrative jurisdictions to which the lawyer is admitted to practice; and

c) the residence or other street address where communications to the lawyer may thereafter be directed.

By the Court (Marshall, C.J.),

*[signature]*
Assistant Clerk

Entered: August 13, 2004



# The Commonwealth of Massachusetts
## SUPREME JUDICIAL COURT
### FOR SUFFOLK COUNTY
ONE BEACON STREET, 4TH FLOOR
BOSTON, MASSACHUSETTS 02108
WWW.SJCCOUNTYCLERK.COM

**MAURA S. DOYLE**
CLERK
CASE INFO (617) 557-1100
BAR INFO (617) 557-1050
FACSIMILE (617) 523-1540

January 14, 2005

**ASSISTANT CLERKS**
LILLIAN C. ANDRUSZKIEWICZ (617) 557-1184
GEORGE E. SLYVA (617) 557-1185
ERIC B. WETZEL (617) 557-1186
FAX (617) 557-1033

Bruce T. Eisenhut, Assistant Bar Counsel
Board of Bar Overseers
99 High Street
Boston, MA 02110

RE: No. BD-2004-065

IN RE: Edward D. Friedman

## NOTICE OF DOCKET ENTRY

You are hereby notified that on January 14, 2005, the following was entered onto the docket of the above referenced case:

ORDER, as on file. (By Cordy, J.)

Maura S. Doyle, Clerk

To: Bruce T. Eisenhut, Assistant Bar Counsel
    Daniel C. Crane, Bar Counsel
    Michael Fredrickson, Board Counsel
    Atty. Edward D. Friedman

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY
NO: BD 04-065

IN RE: EDWARD D. FRIEDMAN

ORDER

This matter came before the Court on Bar Counsel's Petition for Contempt and Amended Petition For Contempt alleging that the lawyer, Edward D. Friedman, had knowingly failed to comply with an Order of Administrative Suspension entered by this Court on August 13, 2004. An order of notice issued for a hearing on the petition for contempt for December 21, 2004. At the hearing, bar counsel provided documentation that the order of notice was served in the manner specified by S.J.C. Rule 4:01, sec. 21.

After hearing and upon consideration of the papers submitted on the Petition for Contempt, it is ORDERED that:

1. the lawyer, Edward D. Friedman, shall forthwith issue all required notices, effect all required withdrawals and resignations, close all trust accounts, render accountings of all funds in said accounts, and return all unearned fees and files in pending matters;

2. the lawyer, Edward D. Friedman, shall forthwith furnish to bar counsel documentation satisfactory to bar counsel of the proper disposition of all funds on deposit in his IOLTA accounts from August 13, 2004, to the present;

3. the lawyer, Edward D. Friedman, shall within thirty (30) days after the entry of this Order, submit to this Court and to Bar Counsel an affidavit of compliance with all required schedules and documentation;

4. the lawyer, Edward D. Friedman, shall within thirty (30) days after the entry of this Order, submit to bar counsel the following additional documentation:

   a) letters from the lawyer's medical providers indicating his current health status;

   b) all files maintained for Luke Cox;

   c) all files maintained for Marien Bossaller;

   d) an indication as to whether the lawyer withdrew fees for the Wendy Sylvia matter (as indicated in his September 27, 2004, letter to bar counsel) or withdrew no fees (as indicated in his invoice for the matter);

   e) a written response to the complaint of Paul Campagna;

   f) a written response to the complaint of Karen Valliere;

   g) a detailed accounting (including copies of all disbursement checks and, if necessary, a detailed explanation for why any client received less than a 2/3 share of the settlement) relating to the following personal injury matters:

      1. Maria & Valentin Rosado ($15,000 deposited to IOLTA on 4/2/02);

      2. Fernando Gonzalez ($21,000 deposited to IOLTA on 2/20/03);

      3. Anthony McPherson ($14,500 deposited to IOLTA on 5/12/03);

      4. Jessica Rodriguez ($10,000 deposited to IOLTA on 5/28/03);

      5. Hildred & Lionel Freeman ($40,000 deposited to IOLTA on 5/30/03);

      6. Carmen Rosa ($4,000 deposited to IOLTA on 10/7/03);

      7. Ruth F. Johnston ($72,000 deposited to IOLTA on 7/1/04);

      8. Anita Little ($1,800 deposited to IOLTA on 9/17/04);

      9. Keyshawn Dancy ($3,000 deposited to IOLTA on 9/27/04);

      10. Dawud Abdul-Malek ($20,000 deposited to IOLTA on 10/7/04);

      11. Timothy Zych ($80,000 deposited to IOLTA on 10/29/04).

5. The matter is set down for a further conference on February 18, 2005, at 11 a.m.;

6. a copy of this Order shall be sent by bar counsel to the lawyer in the same manner prescribed in S.J.C. Rule 4:01, sec. 21.

By the Court, (Cordy, J.)

*/s/ Maura S. Doyle*
Maura S. Doyle, Clerk

Entered: January 14, 2005